UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

CREOLA DUNNING, JEANNETTE DUNNING,
JASPER DOCKERY,

                       Plaintiffs,

    -against-

DELTA FUNDING CORPORATION, et al.,

                       Defendants.

-------------------------------------------------------------------- X

06 CV 4936 (ARR)(LB)

NOT FOR
ELECTRONIC OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

    Plaintiffs Creola Dunning, Jeannette Dunning, and Jasper Dockery commenced the instant action with the filing of a complaint on September 8, 2006. (Dkt. No. 1.) Now pending before the court is Mr. Dockery's letter of April 23, 2007, (Dkt. No. 10), which the court construes as an application to overturn Magistrate Judge Lois Bloom's Order dated April 18, 2007 (the "Order"). For the reasons stated below, the court denies Mr. Dockery's application.

**Background**

    Along with their complaint, all three plaintiffs initially filed motions for leave to proceed *in forma pauperis*. (Dkt. No. 2.) However, on October 19, 2006, before those motions were acted upon, plaintiff Creola Dunning paid the $350.00 filing fee. (Dkt. No. 5.) Accordingly, by Order dated October 31, 2006, Judge Bloom notified the plaintiffs that they were responsible for effecting service of process upon all of the defendants within the 120 days allowed by Rule 4(m) of the Federal Rules of Civil Procedure. (Dkt. No. 4.) In response to Mr. Dockery's inquiries, the Pro Se Office repeatedly explained to Mr. Dockery that the United States Marshals Service

1

will not serve complaints in cases where the filing fee has been paid.

On December 15, 2006, Mr. Dockery signed and submitted what he claims is an Amended Complaint in this case. (Dkt. No. 6.) This pleading, signed only by Mr. Dockery, substantially replicates the original complaint signed by all three plaintiffs. Mr. Dockery's pleading differs, however, in that it purports to remove Creola Dunning and Jeannette Dunning as plaintiffs; names Creola Dunning and Mary Barry as additional defendants; and asserts some additional causes of action.

By letter dated April 3, 2007, Mr. Dockery, explaining that he had filed an amended complaint and that his co-plaintiffs had "repud[i]ated the trust," complained that the Marshals Service has so far failed to effect service. (Dkt. No. 7.) On April 18, 2007, Judge Bloom again explained that, contrary to Mr. Dockery's understanding, the "Marshals Service is not responsible for service of process in this case." (Dkt. No. 8.) Although the deadline for service–January 8, 2007–had already passed, in light of Mr. Dockery's confusion, Judge Bloom granted plaintiffs until June 18, 2007, to properly effect service of process on all defendants.

By letter dated April 23, 2007,[1] Mr. Dockery repeats his April 3, 2007, letter, complaining that Judge Bloom had not addressed his arguments and asking how Creola Dunning and Jeannette Dunning can be expected to serve process when they have "repudiated the trust" and Creola Dunning is now named as a defendant. (Dkt. No. 10.) The court construes this letter as a timely motion to reverse Judge Bloom's Order pursuant to Rule 72 of the Federal Rules of

---

[1] By letter dated April 21, 2007, Mr. Dockery asked the court to consider his letter of April 3, 2007. (Dkt. No. 9.) Judge Bloom's Order clearly responded to Mr. Dockery's April 3rd letter, rendering the April 21st letter moot. Mr. Dockery likely received the Order shortly after writing to the court on April 21, 2007.

Civil Procedure.

**Standard of Review**

Rule 72(a) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) establish that a district court shall reverse a Magistrate Judge's order regarding a non-dispositive matter only where the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Supreme Court has stated that a finding is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

**Discussion**

Having reviewed the record in this case, this court finds that Judge Bloom's Order was neither clearly erroneous nor contrary to law nor an abuse of discretion. Mr. Dockery has failed to satisfy his burden of convincing this court that the Order was mistaken in obligating plaintiffs to comply with Fed. R. Civ. P. 4(m).

Mr. Dockery cannot evade this obligation by filing what purports to be an Amended Complaint. The initial complaint in this case was signed by all three plaintiffs. Mr. Dockery's subsequent submission of a complaint signed only by himself and asserting claims against a co-plaintiff does not constitute an Amended Complaint under Fed. R. Civ. P. 15(a).

As a pro se litigant, Mr. Dockery cannot appear on behalf of his co-plaintiffs. See Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 284 (2d Cir. 2005) ("[A]lthough litigants in federal court have a statutory right to choose to act as their own counsel, an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal

quotations and citations omitted)). The initial complaint, signed by all plaintiffs, is therefore still the complaint in this case. As a pro se litigant, Mr. Dockery cannot unilaterally remove his co-plaintiffs from the suit or turn them into defendants. Mr. Dockery may be able to assert cross-claims against a co-party under Fed. R. Civ. P. 13(g). At this time, however, the court has not reviewed Mr. Dockery's submission to see if it properly states a cross-claim. Even if Mr. Dockery has successfully pleaded cross-claims against co-plaintiff Creola Dunning, the three plaintiffs are nonetheless still responsible for service of the original complaint.

Therefore, this court AFFIRMS Magistrate Judge Bloom's Order dated April 18, 2007. The court reminds plaintiffs in this case that they must properly effect service of process by June 18, 2007, and that failure to do so may result in dismissal of the action under Fed. R. Civ. P. 4(m).

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: May 7, 2007
Brooklyn, New York

4

**SERVICE LIST:**

### *Pro Se* **Plaintiffs**
Creola Dunning
180 1E Water Avenue
Selma, AL 36701

Jeannette Dunning
180 1E Water Avenue
Selma, AL 36701

Jasper Dockery
#39631-053
U.S.P. Pollock
PO Box 2099
Pollock, LA 71467


cc: Magistrate Judge Bloom