Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, New York 10022
(212) 308-441

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CREOLA DUNNING, JEANETTE DUNING, AND JASPER Dockery<br><br>Plaintiffs,<br><br>vs.<br><br>DELTA FUNDING CORP., NORWEST BANK MINNESOTA NATIONAL ASSOCIATION/TR; WELLS FARGO BANK; OCWEN FEDERAL BANK; D'ARIA JOHN SISKIND; SPENCER P. LANDOWNE; BARBARA SOMBROTTO; ELIZABETH SMITH; PATRICIA RANSOM; KURT BRYANT; DAVID FORMAN; LYNDON Dockery; SHARON Dockery; DEANNA SILER; and UNA Dockery.<br><br>Defendant(s). | Case No. 06-CV-4936 (RJD) (LB) |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION
FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendants OCWEN LOAN SERVICING, LLC successor in interest to OCWEN FEDERAL BANK, FSB, and WELLS FARGO BANK N.A. successor by merger to WELLS FARGO BANK MINNESOTA, N.A., as Trustee for DELTA FUNDING HOME EQUITY LOAN TRUST 1997-2, erroneously sued herein individually as NORWEST BANK MINNESOTA NATIONAL ASSOCIATION/TR, and WELLS FARGO BANK ("Defendants"), through its undersigned counsel, submits the following Memorandum in Opposition to Plaintiff Jasper Dockery's ("Dockery") Motion for Findings of Fact and Conclusions of Law.

## PRELIMINARY STATEMENT

Plaintiff Dockery's Motion should be denied as it is both legally unsupported and untimely. A federal court is not required to issue findings of fact and conclusions of law when ruling on a motion brought pursuant to Rule 12. This case was disposed of as to Defendants when this Court granted their Rule 12(b)(6) Motion on September 30, 2008. No findings of fact and conclusions of law were required.

Additionally, a motion to amend the Court's final judgment or ruling must be filed no later than ten (10) days after the entry of judgment. The Order of Dismissal as to Defendants was entered in this case on August 25, 2009 and Judgment was entered on August 27, 2009. The instant Motion was not filed until September 25, 2009 – twenty-nine (29) days after entry of Judgment.

Accordingly, Dockery's Motion should be denied.

## PROCEDURAL HISTORY

Plaintiff Dockery commenced this action on September 8, 2006. (Cizmarik Decl. ¶ 3).[1] Defendants filed Motions to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 12, 2007 and July 16, 2007. (Cizmarik Decl. ¶ 4). These Motions were consolidated on January 9, 2008 with the Rule 12(b)(6) Motions filed by several other defendants. (Cizmarik Decl. ¶ 5). This Court granted Defendants' Motion on September 30, 2008. (Cizmarik Decl. ¶ 6). Thereafter, the Court entered its Order of Dismissal as to Defendants on August 25, 2009. (Cizmarik Decl. ¶ 7). Final Judgment as to all remaining claims was entered in this case on August 27, 2009. (Cizmarik Decl. ¶ 8). Plaintiff Dockery filed the instant Motion for Findings of Fact and Conclusions of Law pursuant to Rule 52(a) on September 25, 2009 – twenty-nine (29) days after entry of Judgment. (Cizmarik Decl. ¶ 9).

## ARGUMENT

### I. THE COURT IS NOT REQUIRED TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW WHEN IT RULES ON A RULE 12 MOTION

Plaintiff Dockery brings this Motion pursuant to Rule 52(a). However, Rule 52(a)(3) provides that "a court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed. R. Civ. Proc. 52(a)(3).

Here, Dockery seeks an order from the Court setting forth "the findings of facts and conclusions of law and/or memorandum of law, which constitutes the grounds for dismissal enter [sic] against the above-named plaintiffs on September 30-Ocotber 7, 2008; and August 26-August 27, 2009 . . ." (Dockery Motion, ¶ 1). However, this Court entered its dismissal order

---

[1] References to "Cizmarik Decl., ¶ ___ or Ex." are to the October 9, 2009 Declaration of Andre K. Cizmarik.

pursuant to Defendants' Rule 12(b)(6) Motion. (Cizmarik Decl. ¶¶ 6, 7). As such, the Court is not required to state its findings of fact and conclusions of law. Therefore, Dockery's Motion is unnecessary, unsupported by the law, and should be denied on this basis alone.

### II.     PLAINTIFF DOCKERY'S MOTION IS UNTIMELY

Dockery's Motion should also be denied as it is untimely. Federal Rule of Civil Procedure 52(b) specifically states that "[o]n a party's motion filed no later than 10 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly." Fed. R. Civ. Proc. 52(b).

Here, the Order dismissing Defendants was entered on August 25, 2009. (Cizmarik Decl. ¶ 7). Final Judgment as to all remaining claims was entered in this case on August 27, 2009. (Cizmarik Decl. ¶ 8). However, the instant Motion was not filed until September 25, 2009 – twenty-nine (29) days after entry of Judgment. (Cizmarik Decl. ¶ 9). Therefore, the instant Motion is untimely and should be denied on this basis as well.

### CONCLUSION

Based upon the foregoing, Defendants respectfully request that the Court deny Plaintiff Dockery's Motion for Findings of Fact and Conclusions of Law.

Dated: New York, New York
       October 9, 2009

                                        EDWARDS ANGELL PALMER & DODGE LLP

                                        By: _____
                                            Andre K. Cizmarik
                                            750 Lexington Avenue
                                            New York, New York 10022
                                            (212) 308-4411

NYC 334746.1